## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, individually, and as mother and next best friend of JOHN DOE, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 10 C 11426-RWZ ) ) Honorable Judge Zobel |
| CULTURAL CARE, INC., a Massachusetts corporation, d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL, and MAUREEN McDONNELL, | ) ) **JURY TRIAL** ) **DEMANDED** ) |
| Defendants. | ) |

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, a minor, by and through their attorneys, The Law Offices of Eugene K. Hollander and The Law Offices of John J. Malm, P.C., and complaining of the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, ("CULTURAL CARE"), DORTE STROBEL, and MAUREEN McDONNELL, and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based upon the matter in controversy as this matter is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. During all relevant times herein, JANE DOE was a citizen of Lockport, Will County, Illinois.

3.  JANE DOE is the mother of the minor child, JOHN DOE, also a citizen of Lockport, Will County, Illinois.  In or about October, 2007, JOHN DOE was seven years of age.

4.  In or about October, 2007, Defendant CULTURAL CARE was a foreign corporation organized under the law of the State of Massachusetts, and maintains its principal place of business in Cambridge, Massachusetts.  CULTURAL CARE, therefore, is a citizen of the state of Massachusetts.

5.  Defendant DORTE STROBEL is a citizen of Middlesex County, Massachusetts.

6.  Defendant MAUREEN McDONNELL is a citizen of Middlesex County, Massachusetts.

## FACTUAL BACKGROUND

7.  Defendant CULTURAL CARE was and is in the business of placing au pairs with host families throughout the United States.

8.  In or about October, 2007, JANE DOE was investigating various child care options for her son.

9.  On or about October 19, 2007, JANE DOE saw an advertisement of Defendant CULTURAL CARE's on the world wide web and subsequently investigated the Defendant CULTURAL CARE's website regarding her child care options.

10.  Defendant CULTURAL CARE, through its website, www.culturalcare.com, represented to JANE DOE that it was an organization that placed au pairs with host families.

11. Defendant CULTURAL CARE represented to JANE DOE that it could place a live-in au pair with her family who would be a committed and caring companion. Defendant CULTURAL CARE further represented that it was an organization which JANE DOE could trust, that its program was strictly regulated, and that it was one of the largest and most experienced organizations placing au pairs in the world.

12. On or about October 19, 2007, JANE DOE spoke with Defendant Dorte Strobel, an employee and executive with Defendant CULTURAL CARE. On that date, Strobel, acting within the scope of her employment and as an agent of Defendant, told JANE DOE that she had an au pair from Columbia named Julian available.

13. Strobel told JANE DOE that if she was interested in retaining Julian as a live-in au pair, that she would have to pay the company's fee that evening and that she would have to pick up Julian from his current host family. Strobel further told JANE DOE that if she did not agree to pay the fee that evening and pick up Julian as agreed upon, that he would return to Colombia and that she would have to undergo a search process for another au pair placement which could take several months.

14. Strobel simply told JANE DOE that Julian's "previous placement did not work out."

15. Strobel also told JANE DOE that she would provide her with the telephone number of Julian's prior host family, but never did so.

16. Plaintiff JANE DOE told Strobel that she would not hire an au pair that was either a smoker or drinker. Strobel assured JANE DOE that Julian was neither.

17. JANE DOE paid Defendant CULTURAL CARE its requisite fee, and picked up Julian as scheduled on October 21, 2007 to live with her and JOHN DOE in their home in Lockport, Illinois.

18. Shortly thereafter, JANE DOE discovered that Julian was having friends and parties at her home when she was not home, and that he and his companions were smoking and drinking against her express wishes.

19. On or about November 30, 2007, JANE DOE complained to Defendant Maureen McDonnell, an employee and Program Director of Defendant CULTURAL CARE, about her concerns regarding Julian.

20. At that time, McDonnell, acting within the scope of her employment and as an agent of Defendant, told JANE DOE that she was required to begin a two week "transition period" and that she was required to house Julian, notwithstanding her concerns. McDonnell refused to remove Julian from Plaintiff JANE DOE's home, explaining to JANE DOE that Julian was entitled to a probationary period.

21. Thereafter, between November 30, 2007 and mid-December, 2007, Julian physically struck JOHN DOE, sexually abused JOHN DOE by fondling his genitals and anus, and also took nude pictures of him.

22. Subsequent to the time, JANE DOE learned that another host family in California had discharged Julian.

## COUNT I - NEGLIGENCE

23. Plaintiffs repeat and reincorporate by reference Paragraphs 1 through 22 as though more fully set forth herein.

4

24. That it then and there became and was the duty of Defendant CULTURAL CARE to adequately screen said au pairs, train and supervise said au pairs, and disclose to host families about the prior employment experience of said au pairs with its agency.

25. At the time and place aforesaid, the Defendant CULTURAL CARE was guilty of one or more of the following careless and negligent acts or omissions:

   a) Carelessly and negligently failed to adequately screen Julian for his propensity for violence and/or sexually deviant behavior;

   b) Carelessly and negligently failed to conduct a criminal background search of Julian;

   c) Carelessly and negligently failed to provide JANE DOE with Julian's two prior hosts' contact information;

   d) Carelessly and negligently failed to disclose to JANE DOE that Julian had been discharged by two prior host families;

   e) Carelessly and negligently failed to disclose to JANE DOE that Julian was a smoker and a drinker;

   f) Carelessly and negligently failed to maintain adequate supervision over Julian;

   g) Carelessly and negligently failed to remove Julian from JANE DOE's host home when JANE DOE specifically advised it that Julian violated her express prohibition about smoking and drinking in her home and that he otherwise lacked the appropriate qualifications and behavior to be an adequate au pair;

   h) Otherwise acted carelessly and negligently.

26. As a direct and proximate result of one or more of the aforesaid careless, negligent or reckless acts of omissions, Julian was allowed to physically assault the minor JOHN DOE, thereby causing JOHN DOE and JANE DOE to suffer injuries of a personal and pecuniary nature.

27.     As a direct and proximate result of the aforesaid, JOHN DOE and JANE DOE suffered injuries of a personal and pecuniary nature, including but not limited to, medical and hospital expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

## COUNT II – GROSS NEGLIGENCE

28.     Plaintiffs repeat and reincorporate by reference Paragraphs 1 through 22 as though more fully set forth herein.

29.     That it then and there became and was the duty of Defendant CULTURAL CARE to adequately screen said au pairs, train and supervise said au pairs, and disclose to host families about the prior employment experience of said au pairs with its agency.

30.     At the time and place aforesaid, the Defendant CULTURAL CARE was guilty of one or more of the following grossly negligent or reckless acts or omissions:

    a)    Grossly negligently failed to adequately screen Julian for his propensity for violence and/or sexually deviant behavior;

    b)    Grossly negligently failed to conduct a criminal background search of Julian;

    c)    Grossly negligently failed to provide JANE DOE with Julian's two prior hosts' contact information;

    d)    Grossly negligently failed to disclose to JANE DOE that Julian had been discharged by two prior host families;

    e)    Grossly negligently failed to disclose to JANE DOE that Julian was a smoker and a drinker;

    f)    Grossly negligently failed to maintain adequate supervision over Julian;

    g)    Grossly negligently failed to remove Julian from JANE DOE's host home when JANE DOE specifically advised it that Julian violated her express prohibition about smoking and drinking in her home and that he otherwise lacked the appropriate qualifications and behavior to be an adequate au pair;

    h)    Otherwise acted in a grossly negligent manner.

31.    As a direct and proximate result of one or more of the aforesaid grossly negligent acts or omissions, Julian was allowed to physically assault the minor JOHN DOE, thereby causing JOHN DOE and JANE DOE to suffer injuries of a personal and pecuniary nature.

32.    As a direct and proximate result of the aforesaid, JOHN DOE and JANE DOE suffered injuries of a personal and pecuniary nature, including but not limited to, medical and hospital expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

## **COUNT III – FRAUD**

33. Plaintiff reincorporates and realleges Paragraphs 1 though 22 as though more fully set forth herein.

34. On October 19, 2007 and thereafter, Defendant CULTURAL CARE, through its website and its duly authorized agent and employee Defendant Strobel, and on November 30, 2007 through its duly authorized agent and employee Defendant McDonnell, made the following material misrepresentations and omissions:

   a. Falsely representing that it was an organization which JANE DOE could trust;

   b. Falsely representing to JANE DOE that its program was strictly regulated;

   c. Falsely represented to JANE DOE that it carefully screened each candidate, including Julian;

   d. Falsely represented to JANE DOE that Julian was not a smoker and a drinker;

   e. Materially concealed the fact that Julian was discharged by two host families;

   f. Materially concealed the contact information for Julian's immediate prior host family;

   g. Falsely told JANE DOE that Julian could not be removed from her home and had to be placed on two weeks probation after she complained of his inappropriate behavior.

35. Defendant CULTURAL CARE knew or should have known that these representations were false at the time that they were made, and that said representations and omissions were material in JANE DOE's decision to select Defendant as its child care provider.

8

36.   JANE DOE reasonably relied upon said representations and omissions in her decision to retain Defendant CULTURAL CARE to provide an au pair to live with her and her minor son.  Had JANE DOE been apprised of Julian's background, she would not have agreed to hire him as an au pair.

37.   JANE DOE and her minor son were damaged by reasonably relying upon said misrepresentations and omissions as JOHN DOE was physically and sexually assaulted by Julian.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus punitive damages and the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

### COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT, 815 ILCS 505, et seq.

38.   Plaintiff reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

39.   At all times pertinent hereto, there was a statute in force in the State of Illinois, 815 ILCS 505, et seq., known as the Consumer Fraud and Deceptive Practices Act.

40.   On October 19, 2007 and thereafter, Defendant CULTURAL CARE, through its website and its duly authorized agent and employee Defendant Strobel, and on November 30, 2007 through its duly authorized agent and employee Defendant

McDonnell, made the following material misrepresentations and omissions in violation of the Consumer Fraud and Deceptive Practices Act:

    a. Falsely representing that it was an organization which JANE DOE could trust;

    b. Falsely representing to JANE DOE that its program was strictly regulated;

    c. Falsely represented to JANE DOE that it carefully screened each candidate, including Julian;

    d. Falsely represented to JANE DOE that Julian was not a smoker and a drinker;

    e. Materially concealed the fact that Julian was discharged by two host families;

    f. Materially concealed the contact information for Julian's immediate prior host family;

    g. Falsely told JANE DOE that Julian could not be removed from her home and had to be placed on two weeks probation after she complained of his inappropriate behavior.

    h. Engaging in a pattern and practice of inadequate screening, concealing problems with au pairs and making knowing or willful misrepresentations concerning the circumstances surrounding the separation of au pairs from prior host families.

41.     Defendant CULTURAL CARE knew or should have known that these representations were false at the time that they were made, and that said representations and omissions were material in JANE DOE's decision to select Defendant as its child care provider.  Moreover, CULTURAL CARE engaged in a pattern of concealment, deception, and misrepresentations about the suitability of this au pair and has engaged in unfair and deceptive conduct concerning the nature of its programs, its screening practices, the ability of the host families to rely on CULTURAL CARE's practices and by making false or misleading representations to JANE DOE.

42. Defendant CULTURAL CARE intended for JANE DOE to rely upon the foregoing material misrepresentations and omissions.

43. JANE DOE reasonably relied upon said representations and omissions in her decision to retain Defendant CULTURAL CARE to provide an au pair to live with her and her minor son. Had JANE DOE been apprised of Julian's background, she would not have agreed to hire him as an au pair.

44. JANE DOE and her minor son were damaged by reasonably relying upon said misrepresentations and omissions as JOHN DOE was physically and sexually assaulted by Julian.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus punitive damages, attorneys' fees, and the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

### COUNT V –UNFAIR AND DECEPTIVE BUSINESS ACTS AND PRACTICES M.G.L. CH. 93A

45. Plaintiff reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

46. At all times pertinent hereto, there was a statute in force in the State of Massachusetts, M.G.L. Ch. 93A, et seq., which makes unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Defendant CULTURAL CARE agreed on September 23, 2010 at the initial status hearing before Judge Zobel to waive the 30 day requirement for service of a

written demand for relief under M.G.L. 93A, § 9.  Plaintiff has therefore complied with the statutory prerequisite to maintain this Count V.

47.     On October 19, 2007 and thereafter, Defendant CULTURAL CARE, through its website and its duly authorized agent and employee Defendant Strobel, and on November 30, 2007 through its duly authorized agent and employee Defendant McDonnell, made the following material misrepresentations and omissions in violation of M.G.L. Ch. 93A, et seq:

   a. Falsely representing that it was an organization which JANE DOE could trust;

   b. Falsely representing to JANE DOE that its program was strictly regulated;

   c. Falsely represented to JANE DOE that it carefully screened each candidate, including Julian;

   d. Falsely represented to JANE DOE that Julian was not a smoker and a drinker;

   e. Materially concealed the fact that Julian was discharged by two host families;

   f. Materially concealed the contact information for Julian's immediate prior host family;

   g. Falsely told JANE DOE that Julian could not be removed from her home and had to be placed on two weeks probation after she complained of his inappropriate behavior.

   h. Engaging in a pattern and practice of inadequate screening, concealing problems with au pairs and making knowing or willful misrepresentations concerning the circumstances surrounding the separation of au pairs from prior host families.

48.     Defendant CULTURAL CARE knew or should have known that these representations were false and misleading at the time that they were made, and that said representations and omissions were material in JANE DOE's decision to select

Defendant as its child care provider. Moreover, CULTURAL CARE engaged in a pattern of concealment, deception, and misrepresentations about the suitability of this au pair and has engaged in unfair and deceptive conduct concerning the nature of its programs, its screening practices, the ability of the host families to rely on CULTURAL CARE's practices and by making false or misleading representations to JANE DOE.

49. CULTURAL CARE intended for JANE DOE to rely upon the foregoing material misrepresentations and omissions.

50. JANE DOE reasonably relied upon said representations and omissions in her decision to retain Defendant CULTURAL CARE to provide an au pair to live with her and her minor son. Had JANE DOE been apprised of Julian's background, she would not have agreed to hire him as an au pair.

51. JANE DOE and her minor son were damaged by reasonably relying upon said misrepresentations and omissions as JOHN DOE was physically and sexually assaulted by Julian.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus punitive and double or treble damages, attorneys' fees, and the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff reincorporates and realleges Paragraphs 1 though 22 as though more fully set forth herein.

53. That it then and there became and was the duty of Defendant CULTURAL CARE to adequately screen said au pairs, train and supervise said au pairs, and disclose to host families the prior employment experience of said au pairs with its agency.

54. At the time and place aforesaid, the Defendant CULTURAL CARE was guilty of one or more of the following careless and negligent acts or omissions:

   a) Carelessly and negligently failed to adequately screen Julian for his propensity for violence and/or sexually deviant behavior;

   b) Carelessly and negligently failed to conduct a criminal background search of Julian;

   c) Carelessly and negligently failed to provide JANE DOE with Julian's two prior hosts' contact information;

   d) Carelessly and negligently failed to disclose to JANE DOE that Julian had been discharged by two prior host families;

   e) Carelessly and negligently failed to disclose to JANE DOE that Julian was a smoker and a drinker;

   f) Carelessly and negligently failed to maintain adequate supervision over Julian;

   g) Carelessly and negligently failed to remove Julian from JANE DOE's host home when JANE DOE specifically advised it that Julian violated her express prohibition about smoking and drinking in her home and that he otherwise lacked the appropriate qualifications and behavior to be an adequate au pair;

   h) Otherwise acted carelessly and negligently.

55. As a direct and proximate result of one or more of the aforesaid careless, negligent or reckless acts of omissions, Julian was allowed to physically assault the minor

JOHN DOE, thereby causing JOHN DOE to suffer emotional distress and contemporaneous physical injuries.

56. As a direct and proximate result of the aforesaid, JOHN DOE suffered injuries of a personal and pecuniary nature, including but not limited to, medical and hospital expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

**WHEREFORE,** the Plaintiff, JANE DOE, as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

## COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff reincorporates and realleges Paragraphs 1 though 22 as though more fully set forth herein.

58. Defendant CULTURAL CARE and its employees and agents Defendant Strobel and Defendant McDonnell intentionally withheld the fact that Julian had been discharged from two prior host families from Plaintiff JANE DOE.

59. Defendants knew or should have known that had said information been disclosed to Plaintiff JANE DOE that either she would not have requested that Julian serve as an au pair for her and her minor son, or that there was an extraordinary high probability that she would have rejected him as a candidate.

60. Defendants' conduct in failing to disclose crucial and material information about its au pair to Plaintiff JANE DOE was extreme and outrageous.

61. The Defendants either intended that its conduct inflict severe emotional distress upon the Plaintiffs herein, or knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

62. The Defendants' conduct caused severe emotional distress to Plaintiff JANE DOE and her minor son, JOHN DOE.

**WHEREFORE,** the Plaintiff, JANE DOE, individually, and as mother and next best friend of JOHN DOE, asks judgment against the Defendants CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL and MAUREEN McDONNELL in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus punitive damages and the costs of this lawsuit, which will fairly compensate the Plaintiffs for the severe injuries which they have sustained.

> **JANE DOE, individually, and as mother and next best friend of JOHN DOE,
> Plaintiffs**,
>
>
> By: /s/ Paul W. Ryan
>     One of their attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com

**Kevin G. Kenneally**
LECLAIRRYAN
One International Place, Eleventh Floor
Boston, Massachusetts 02110
(617) 502-8220
Kevin.Kenneally@leclairryan.com

John J. Malm
**The Law Offices of John J. Malm, P.C.**
1730 Park Street
Suite 210
Naperville, IL 60563
630-527-4177
john@malmlegal.com