UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, individually, and as mother and next best friend of JOHN DOE, a minor, <br><br> Plaintiff, <br> v. <br><br> CULTURAL CARE, INC., a Massachusetts Corporation, d/b/a CULTURAL CARE AU PAIR, DORTE STROBEL, and MAUREEN McDONNELL, <br><br> Defendants. | C.A. NO.: 1:10-cv-11426-DJC |

## **DEFENDANTS' RULE 56.1 STATEMENT**

Pursuant to Local Rule 56.1, Defendants Cultural Care, Inc. ("Cultural Care"), Dorte Strobel, and Maureen McDonnell (collectively, the "Defendants") respectfully submit the following Rule 56.1 statement of material facts of record as to which there is no issue to be tried in support of their motion pursuant to Fed. R. Civ. P. 56(b) for summary judgment dismissing all remaining claims pending against them in this action.

The relevant facts set forth below are as detailed in the Plaintiff's Amended Complaint, the Joint Pre-Trial Memorandum, Plaintiff's Answers to Defendants' Interrogatories, Plaintiff's Deposition, and other exhibits appended to the Defendants' Motion for Summary Judgment filed contemporaneously herewith.

**A. Overview of Au Pair Program**

1.  Cultural Care is a United States Government-designated educational exchange visitor program sponsor under which foreign au pair candidates are afforded the opportunity to live in the United States and participate in the home life of an American host family.

2. Through the program, au pairs enter the United States on temporary visas that allow them to provide childcare services for between twelve and twenty-four months.

3. The au pairs are between eighteen and twenty-six years old, are high school graduates, are proficient in English, and in addition to providing au pair services complete an educational requirement while in the program.

**B. Stipulated Facts**

The parties stipulated to the following facts in their Joint Pretrial Memorandum filed with this Court on June 9, 2011:

4. On or around October 19, 2007, Jane Doe spoke with Cultural Au Pair Placement Manager Dorte Strobel concerning an au pair placement for her son, John Doe.  *Exhibit 5, Joint Pretrial Memo at 5.*

5. Following this conversation, Jane Doe selected Julian Reyes to act as an au pair.

6. Julian began living with Jane Doe and John Doe on or about October 21, 2007. *Id.*

7. Prior to his placement with Jane Doe and John Doe, Julian served as an au pair for two host families.  *Id.*

8. He was with the first host family from on or around March 1, 2007 to May 29, 2007.  *Id.*  He was with the second host family from on or around June 1, 2007 to October 18, 2007.  *Id.*

9. According to the Exit Interview from Julian's placement with the first host family, the family listed the following concerns:  "relationship with son – want more interaction, less teasing.  Too quiet, be more of a family member."  *Id.*

10. According to the Exit Interview from Julian's placement with the second host family, the family listed the following concerns: "[Host mom] feels [au pair] is immature and does not nurture the kids. [Au pair] works 30 hrs./week and has a car yet doesn't help w/kids' clean-up, etc." *Id.*

11. Julian listed the following concerns with respect to the second host family: "feels kids didn't mesh with him and may have problems managing the kids (meals, playtime)." *Id.* The second host family had three children. *Id.*

12. On November 28, 2007, Cultural Care's Local Care Coordinator assigned to the Doe family conducted an interview during which the Plaintiff listed the following concerns: "concerned about Julian's maturity level and wondering if child is getting fed." *Id.*

13. On November 30, 2007, Jane Doe informed Program Director Maureen McDonnell that she wanted to terminate Julian as her au pair, and Ms. McDonnell informed Jane Doe that a two week transition period would begin during which time the Plaintiff was required to house the au pair but was not required to use the au pair for childcare services. *Id.*

14. On December 11, 2007, Jane Doe dropped Julian off at the Local Care Coordinator's home in Romeoville, Illinois. *Id.*

15. On December 12, 2007, Jane Doe called Maureen McDonnell and reported that her son had informed her that morning that Julian had taken nude pictures of him and touched his penis. *Id.*

16. The Plaintiff reported to the Lockport Police Department that she suspected Julian had sexually abused the child. *Id.*

17. An officer from the Lockport Police Department interviewed the Plaintiff regarding the alleged abuse. *Id.*

18      Two detectives from the Lockport Police Department interviewed the Plaintiff regarding the alleged abuse. *Id.*

19.     Julian consented to the Lockport Police Department examining his cell phones, digital camera, and laptop computer. *Id.* Detectives conducted an examination of Julian's electronic equipment. *Id. at 5-6.* Detectives found no evidence on Julian's electronic equipment that photographs had been taken of the child without clothes on or of Julian without clothes on. *Id. at 6.*

20.     The child was interviewed at the Kendall County Child Advocacy by Shelly Franklin regarding the allegations of abuse. *Id.*

21.     A detective from the Lockport Police Department advised the Plaintiff that Julian's electronic equipment was checked and there were no nude photographs or inappropriate photographs of the child or of Julian found. *Id.*

22.     To the Plaintiff's knowledge, no nude photographs or inappropriate photographs of the child or of Julian were ever found by the Lockport Police Department on Julian's electronic equipment. *Id.*

23.     The Plaintiff caused reports from physicians who had examined the child to be delivered to the Lockport Police Department. *Id.*

24.     The Plaintiff was informed by the Lockport Police Department that no criminal charges would be pursued against Julian in connection with the allegations of abuse. *Id.* To the Plaintiff's knowledge, no criminal charges have ever been pursued against Julian in connection with the allegations of abuse. *Id.*

### C. Plaintiff's Lack of Evidence for Gross Negligence

25. The Plaintiff alleges in the Amended Complaint that Cultural Care acted grossly negligent when it: 1) failed to adequately screen Julian for his propensity for violence and/or sexually deviant behavior; 2) failed to conduct a criminal background search; 3) failed to provide the Plaintiff with the au pair's two prior host families' contact information; 4) failed to disclose to Plaintiff that Julian had been discharged by two prior host families; 5) failed to disclose that the au pair was a smoker and a drinker; 6) failed to maintain adequate supervision over the au pair; and 7) failed to remove the au pair from the Plaintiff's home after she complained. *Exhibit 2, Amended Complaint* at 6-7.

26. In support of her claim for gross negligence, the Plaintiff cites the following purported evidence in her answers to interrogatories:

- The Exit Interview from Julian's placement with the first host family in which the family listed the following concerns: "relationship with son – want more interaction, less teasing. Too quiet, be more of a family member." *Exhibit 6, Pltf.'s Ans. To Cultural Care's Ints.* at Nos. 3, 11, 26.

- The Exit Interview from Julian's placement in which the second host family listed the following concerns: "[Host mom] feels [au pair] is immature and does not nurture the kids. [Au pair] works 30 hrs./week and has a car yet doesn't help w/kids' clean-up, etc." *Id.* at Nos. 3, 11, 26.

- Plaintiff's unsubstantiated claim that Ms. Strobel promised on October 19, 2007 to provide contact information for a prior host family in Geneva, IL but never did. *Id.* at Nos. 5, 6, 13.

- Plaintiff's unsubstantiated claim that "Julian continued to smoke and drink after Plaintiff complained to Heather Parris." *Id.* at No 8.

27. The Plaintiff offered no additional evidence during her deposition. *Exhibit 7, Jane Doe Deposition.*

28. When asked for evidence supporting the allegation that Cultural Care failed to conduct a background check of the au pair, the Plaintiff stated "I can only tell you what Dorte

5

Strobel told me on the phone on October 19, that they do careful background screening of all of their au pairs . . . [and that] . . . Julian has been with multiple previous host families . . . [a]nd that information was never disclosed to me." *Exhibit 7, Jane Doe Deposition* at 55-59.

29.  Plaintiff provided no further bases for her claim during her deposition.

### D. Plaintiff's Lack of Evidence for Breach of Illinois Consumer Protection Statute and M.G.L. ch. 93A, Fraud, and Intentional Infliction of Emotional Distress.

30.  The Plaintiff alleges in the Amended Complaint that the Defendants lied to her and concealed facts and that these actions amount to fraud and violations of the Illinois and Massachusetts consumer protection statutes. *Exhibit 2, Amended Complaint* at 8-13.

31.  In support of these claims, the Plaintiff provides the following evidence in her answers to interrogatories:

- Plaintiff's unsubstantiated claim that "Dorte Strobel told Plaintiff that Cultural Care extensively screened their au pair candidates . . . [and] . . . Dorte Strobel informed Plaintiff that Julian was an excellent kid and not a smoker or drinker." *Exhibit 6, Pltf.'s Ans. To Cultural Care's Ints.* at No. 9.

- The Exit Interview from Julian's placement with the first host family in which the family listed the following concerns: "relationship with son – want more interaction, less teasing. Too quiet, be more of a family member." *Id.* at No. 11.

- The Exit Interview from Julian's placement in which the second host family, the family listed the following concerns: "[Host mom] feels [au pair] is immature and does not nurture the kids. [Au pair] works 30 hrs./week and has a car yet doesn't help w/kids' clean-up, etc." *Id.*

- A copy of the "About Us" page from Cultural Care's website. *Id.*

- Copies of pages from three different websites showing complaints from unknown individuals about their experiences with Cultural Care. *Id.*

32.  When Defendants' counsel deposed the Plaintiff, she was unable to point to any evidence to support her claims of fraud or violations of the consumer protection statutes. *Exhibit 7, Jane Doe Deposition.*

6

33. Plaintiff was specifically asked about her allegations that she never received the contact information for the au pair's immediate previous host family, and she acknowledged that in fact she did receive the information and even went to the previous host family's home when she picked up the au pair. *Exhibit 7, Jane Doe Deposition* at 60, lines 14-19.

34. Additionally, Plaintiff interviewed Julian and had the opportunity to ask him anything she wished before hiring him, as required by Federal Regulations. *Id.* at 40, line 12.

35. Plaintiff was only able to state that she expected certain information to be disclosed to her, but was unable to present any evidence of fraud. *Id.* at 130, lines 14-16.

>                                   Respectfully Submitted,
>                                   CULTURAL CARE, INC., DORTE
>                                   STROBEL, and MAUREEN
>                                   MCDONNELL,
>                                   By their counsel,
>
>
>                                   ____/s/ Jeffrey P. Allen_____
>                                   Jeffrey P. Allen BBO #015500
>                                   E-mail: jallen@dennerpellegrino.com
>                                   Alice B. Braunstein BBO #543758
>                                   E-mail: abraunstein@dennerpellegrino.com
>                                   Donald J. Gentile BBO #672657
>                                   E-mail: dgentile@dennerpellegrino.com
>                                   DENNER PELLEGRINO, LLP
>                                   Four Longfellow Place, 35th Floor
>                                   Boston, MA 02114
>                                   Telephone: (617) 227-2800
>                                   Facsimile: (617) 973-1562

## **CERTIFICATE OF SERVICE**

      I, Jeffrey P. Allen, attorney for the Defendants, hereby certify that a true and accurate copy of the foregoing Plaintiff's Rule 56.1 Statement filed through the Electronic Case Filing System will be sent electronically to the registered participants on July 14, 2011.

                                                                                         /s/ Jeffrey P. Allen
                                                                                        Jeffrey P. Allen, Esq.